1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763



**FILED**

MAY - 3 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK



5

6       IN THE UNITED STATES DISTRICT COURT FOR THE

7               EASTERN DISTRICT OF CALIFORNIA

8

9  IN RE: APPLICATION FOR      )      SW-2:05-SW-0106
   PEN REGISTER, TRAP AND      )
10 TRACE DEVICE, CALLER        )
   IDENTIFICATION SERVICE,     )      O R D E R
11 AND CELL SITE, BILLING,     )
   AIR TIME, AND SUBSCRIBER    )
12 INFORMATION                 )          UNDER SEAL
                               )
13 _____    )

14

15      This matter has come before the Court pursuant to an

16 Application under Title 18, United States Code, Sections 3122

17 and 2703 by Mary L. Grad, an attorney of the United States

18 Department of Justice.  The Application requests an order

19 authorizing the installation and use of a pen register device(s),

20 trap and trace device(s), dialed number interceptor(s), number

21 search device(s), and caller identification feature, and cell

22 site, billing and subscriber information corresponding to the

23 cellular telephone(s) currently identified by telephone number

24 **(209) 818-6761, ESN: 04211936992;** or to any cellular telephone

25 subsequently assigned to an instrument bearing the same ESN as

26 the subject telephone number(s), or any changed ESN subsequently

27 assigned to the same telephone number as the subject telephone

28 number(s), and directing Metro PCS, AT&T Wireless, Cingular

-1-

1  Wireless, Sprint Spectrum, L.P., Verizon Wireless services, GTE
2  Wireless Inc., VIA Wireless Services, Nextel Communications,
3  Pacific Bell Telephone Company, SBC Communication, AT&T, GTE,
4  U.S. Sprint, MCI, Citizens Utilities, and any other involved
5  telephone company, to disclose certain related subscriber,
6  billing, cell site, and toll call information.
7      The Court finds that the applicant has certified and
8  provided specific and articulable facts showing that there are
9  reasonable grounds to believe that the cell site and other
10 information sought is relevant and material to an ongoing
11 criminal investigation. to wit, that: the DEA and other federal,
12 state and local law enforcement agencies are conducting a
13 criminal investigation of Abraham MUNGUIA and Gilberto BELTRAN
14 and others in connection with possible violations of Title 21,
15 United States Code, Sections 841(a)(1) and 846, Conspiracy to
16 Distribute Methamphetamine; that agents believe that cellular
17 telephone number (209) 818-6761, ESN: 04211936992, is being used
18 by Gilberto BELTRAN in furtherance of the subject offense; and
19 that the information likely to be obtained from the pen register
20 and trap and number search device is relevant to the ongoing
21 criminal investigation.
22      The Court further finds that the government has made a
23 showing that there is reason to believe that notification or
24 disclosure by Metro PCS, AT&T Wireless, Cingular Wireless, Sprint
25 Spectrum L.P., Verizon Wireless services, GTE Wireless Inc., VIA
26 Wireless Services, Nextel Communication, Pacific Bell Telephone
27 Company, SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens
28 Utilities, and any other involved telephone company, of the

-2-

1 existence of the investigation, the existence of the pen register

2 device, trap and trace device, dialed number interceptor, number

3 search device, and caller identification feature, or the request

4 for, cell site, subscriber, billing, and other relevant

5 information will (1) endanger the life or safety of government

6 agents or confidential sources; (2) cause the subjects to flee to

7 avoid prosecution; or (3) seriously jeopardize the investigation

8 in that the suspects will stop using their telephones, begin

9 using pay telephones, or move their illegal operations elsewhere.

10 In addition, the Court finds that the DEA do not currently

11 possess or have reasonably available to them the technology to

12 prevent the recording of numbers dialed as numerical codes or

13 messages by the pen register.

14 The Court also finds that good cause exists for permitting

15 the DEA to obtain information from the trap and trace device,

16 dialed number interceptor, number search device, and caller

17 identification feature, and cell site information, whether the

18 calls originate in the United States or a foreign nation.

19 IT APPEARING that the numbers dialed or pulsed to or from

20 telephone number  (209) 818-6761, ESN: 04211936992, and any other

21 cellular telephone numbers subsequently assigned to an instrument

22 bearing the same ESN as the subject telephone number, or any

23 changed ESN  subsequently assigned to the same telephone number

24 as the subject telephone number, are relevant to an ongoing

25 criminal investigation of the specified offenses, THE FOLLOWING

26 IS HEREBY ORDERED:

27 1.    Pursuant to Title 18, United States Code, Section 3123,

28 agents of the Federal Bureau of Investigation may install and use

1  a pen register to register numbers dialed or pulsed to or from
2  telephone number (209) 818-6761, ESN: 04211936992, currently used
3  by Gilberto BELTRAN, to record the date and time of such dialings
4  or pulsings, and to record the length of time of such dialings or
5  pulsings, and to record the length of time the telephone receiver
6  in question is off the hook for incoming or outgoing calls for a
7  period of sixty (60) days from the date of this Court's order,
8  and that this authorization applies not only to the target
9  telephone number(s) listed above, but to any changed cellular
10 telephone numbers subsequently assigned to the same ESN utilized
11 by the target telephone within the sixty (60) day period.
12     2.   Pursuant to Title 18, United States Code, Sections 3123
13 and 2703(d), Metro PCS shall install, program, and/or use
14 equipment in order to trap, trace, and identify the telephone
15 numbers of the incoming calls to telephone number (209) 818-6761,
16 ESN: 04211936992, used by Gilberto BELTRAN or any other cellular
17 telephone numbers subsequently assigned to an instrument bearing
18 the same ESN as the subject telephone number(s), or any changed
19 ESN subsequently assigned to the same telephone number as the
20 subject telephone number(s), and provide the name and address and
21 subscriber of record, whether published or unpublished, of each
22 identified incoming call and where possible, provide the time and
23 duration of each call, and continue the operation of such trap
24 and number search activity for a period not to exceed sixty (60)
25 days from the date of this Court's Order.  Metro PCS will satisfy
26 the requirements of this portion of the Order by providing said
27 subscriber information (credit information, billing information,
28 long distance carrier, and any other telephone number subscribed

-4-

1  to by the same subscriber for each numerically different

2  telephone number called to or called from) only once for each

3  number and is not required to produce subscriber information on

4  each telephone call.  The use of the trap(s) and number search

5  device(s) shall not be limited to calls originating in

6  California, but only to the extent that such request does not

7  impose additional burdens on Metro PCS; if such geographic

8  limitations is unduly burdensome, the use of the trap and number

9  search device(s) may be international in scope.

10       3.    Pursuant to Title 18, United States Code, Sections 3123

11  and 2703(d), that Metro PCS shall examine cellular telephone

12  number (209) 818-6761, ESN: 04211936992; and determine if it is

13  equipped with the Caller Identification feature as is supplied to

14  some retail customers.  If said telephone line is not equipped

15  with the Caller Identification feature but the equipment for said

16  feature is available, Metro PCS is directed to add to the

17  existing service the Caller Identification feature with no record

18  of said feature going to the subscriber(s).  Metro PCS shall be

19  compensated by the government for any additional expenses for

20  installing the Caller Identification feature, and Metro PCS use

21  of the Caller Identification feature will serve as a substitute

22  for the use of a trap and number search device.  Metro PCS shall

23  take all necessary precautions to ensure that the addition of

24  said feature, or any activity relating to said feature, shall not

25  be reflected on the customer's bill or in any other way be

26  disclosed.

27       4.    Pursuant to Title 18, United States Code, Section

28  3123(b)(2), Metro PCS shall furnish agents of the DEA forthwith

1   all information, facilities, and technical assistance necessary

2   to accomplish the installation and use of the pen register

3   device(s), trap and trace device(s), dialed number

4   interceptor(s), number search device(s), and caller

5   identification feature unobtrusively and with minimum

6   interference with the services that are accorded persons with

7   respect to whom the installation and use is to take place.

8        5.    Metro PCS shall furnish the investigating agents the

9   telephone numbers associated with any speed dialing codes dialed

10  or pulsed from cellular telephone number **(209) 818-6761, ESN:**

11  **04211936992,** or any other cellular telephone numbers subsequently

12  assigned to an instrument bearing the same ESN as the subject

13  telephone number(s), or any changed ESN subsequently assigned to

14  the same telephone number as the subject telephone number(s).

15       6.    Metro PCS shall provide agents of the DEA with cell

16  site information for cellular telephone number **(209) 818-6761,**

17  **ESN: 04211936992,** or any other telephone numbers subsequently

18  assigned to an instrument bearing the same ESN as the subject

19  telephone number(s), or any changed ESN subsequently assigned to

20  the same telephone number as the subject telephone number(s), on

21  a continuing basis for sixty (60) days from the date of this

22  Court's order.

23       7.    Pursuant to Title 18, United States Code 2703 (d),

24  Metro PCS shall furnish Special Agent Gary Cummings or any agent

25  of the DEA with notice of any change in service involving

26  telephone number **(209) 818-6761, ESN: 04211936992;** all billing

27  records, toll records, credit cards bills, and call forwarding

28  information for telephone number **(209) 818-6761, ESN:**

-6-

1  04211936992, on a continuing basis for a period of sixty (60)

2  days from the date of this Court's Order.

3       8.   Pursuant to Title 18, United States Code, Section 2703

4  (d), Metro PCS, AT&T Wireless, Cingular Wireless, Sprint

5  Spectrum, L.P., Verizon Wireless Services, GTE Wireless Inc., VIA

6  Wireless Services, Nextel Communication, Pacific Bell Telephone

7  Company, SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens

8  Utilities, and any other involved telephone companies shall

9  furnish agents of the DEA with subscriber information for all

10  telephone numbers dialed or pulsed to or from telephone number

11  (209) 818-6761, ESN: 04211936992, as recorded by the pen register

12  device, and for all telephone numbers placing calls to telephone

13  number (209) 818-6761, ESN: 04211936992, as recorded by the trap

14  and number search devices or the Caller Identification feature

15  for a period of sixty (60) days from the date of this Court's

16  Order.

17       9.   Authorizing Metro PCS to provide facilities on its

18  network that will allow interception of this subject across local

19  access and transport areas, i.e. "L.A.T.A." boundaries;

20       10.   Metro PCS shall be compensated by the government for

21  reasonable expenses incurred in providing facilities and

22  technical assistance in connection with the pen register device,

23  trap and trace device, dialed number interceptor, number search

24  device, and caller identification feature.

25       11.   Pursuant to Title 18, United States Code, Sections 3123

26  (d) and 2705 (b), this Order and the Application shall be sealed

27  until otherwise ordered by the Court, and Metro PCS, AT&T

28  Wireless, Cingular Wireless, Sprint Spectrum, L.P., Verizon

-7-

1   Wireless services, GTE Wireless Inc., VIA Wireless Services,

2   Nextel Communication, Pacific Bell Telephone Company, SBC

3   Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities,

4   and any other involved telephone company, shall not disclose the

5   existence of the investigation, the existence of the pen register

6   device(s), trap and trace device(s), dialed number

7   interceptor(s), number search device(s), and caller

8   identification feature, or the request for subscriber, billing,

9   and other relevant information to the listed subscribers, or to

10   any other person, unless or until otherwise ordered by the Court.

11       **SO ORDERED.**

12

13   DATED: _May 3, 2005_         **GREGORY G. HOLLOWS**

14                                   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-